UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CARL W. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:18-cv-00054-RLY-MPB |
| | ) | |
| THE PHOENIX INSURANCE COMPANY | ) | |
| and KEVIN CHARLES LOVITT, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

In this diversity action, Plaintiff, Carl W. Brooks, was driving a rental vehicle during the course of his employment when another vehicle, driven by uninsured motorist Kevin Lovitt, collided with his car. Plaintiff thereafter filed the present lawsuit[1] against The Phoenix Insurance Company, his employer's insurer, seeking uninsured motorist coverage. The parties cross-move for summary judgment. The court, having read and reviewed the parties' submissions, the designated evidence, and the applicable law, now **GRANTS** Phoenix's cross-motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

**I.     Factual Background**

**A.     The Accident**

Plaintiff was an employee of Black and Pendleton, Inc. ("B&P") d/b/a Case Engineering, Inc. In October 2016, he was directed by his supervisor to drive to Parma,

---

[1] Plaintiff also filed a claim for negligence against Lovitt.

1

Michigan to service a customer. Plaintiff was told to rent a car from Enterprise Rental Company and to waive additional automobile insurance because B&P's insurance policy covered rental cars.

On October 28, 2016, Plaintiff rented the car from Enterprise and began his business trip. As he was driving through Jackson County, Michigan, a truck driven by Lovitt hit Plaintiff's rental car head on, causing Plaintiff serious medical injuries. Lovitt was uninsured.

### B. The Phoenix Policy

At the time of the accident, Phoenix had issued B&P a commercial automobile insurance policy. (*See* Filing Nos. 36-3 and 36-4, Policy). The Common Declarations Page identifies the "Named Insured" as "Blake & Pendleton, Inc., And As Per IL T8 00," and the "Mailing Address" as 269 North Street, Macon, Georgia 31206. (*Id.* at 2). The Policy contains the endorsement IL T8 00, which includes Case Engineering, Inc., as a "Named Insured." (*Id.* at 8). Case Engineering's address in Indiana is 1401 West Franklin Street, Evansville, Indiana, 47711. (Filing No. 36, Am. Compl. ¶ 3).

Pursuant to the Business Auto Coverage Part Declarations, the Policy provides liability coverage for covered autos identified by "Covered Auto Symbol 1," defined as "Any 'Auto.'" (*Id.* at 13, 20). Those Declarations also state that "Uninsured and Underinsured Motorists Coverage" is provided for covered autos identified by "Covered Auto Symbol 2," defined as "Owned 'Autos' Only: Only those 'autos' you own." (*Id.*). The declarations also indicate that the Policy provides comprehensive and collision coverage for covered autos identified by both "Covered Auto Symbol 2 and 8." Symbol

2, again, is only for "Owned Autos," and Symbol 8 is defined in the Policy, in pertinent part, as "Hired 'Autos' Only: Only those 'autos' you hire, rent or borrow." (*Id.*).

The Policy includes Uninsured Motorists ("UM") endorsements for North Carolina, Mississippi, Florida, Alabama, and Georgia. (*Id.* at 14). Each UM endorsement contains UM coverage "[f]or a covered 'auto' licensed or principally garaged in" the state indicated by the endorsement—i.e., North Carolina, Mississippi, Florida, Alabama, and Georgia—in the amount of $1,000,000. (*See id.* at 18). For reasons unknown, the Policy does not contain a UM endorsement for Indiana or Kentucky. The parties agree the rental car was licensed in Kentucky; Plaintiff asserts the vehicle was principally garaged in Indiana.

## II. Discussion

As an employee of Case Engineering, Plaintiff argues he is an insured under the Policy and is entitled to UM benefits pursuant to Indiana law. *See* Ind. Code § 27-7-5-2 (providing uninsured motorist coverage applies "to any motor vehicle registered or principally garaged in this state" unless the insured specifically rejects uninsured motorist coverage in writing). Phoenix disagrees and argues Georgia law applies.

### A. Choice-of-Law

The parties disagree on whether Georgia or Indiana law applies to this coverage dispute. As the factual background indicates, the insurance policy was issued to B&P in Georgia; Plaintiff is an Indiana resident employed by Case Engineering, a named insured; the rental vehicle at issue was registered in Kentucky; and the accident took place in Michigan. The court's choice-of-law analysis is governed by the laws of the forum state;

3

here, Indiana. *State Farm Mut. Auto. Ins. Co. v. McNeal*, 491 F.Supp.2d 814, 819 (S.D. Ind. 2007) (quoting *Jean v. Dugan*, 20 F.3d 255, 260-61 (7th Cir. 1994)).

Indiana follows the Restatement (Second) of Conflict of Laws (1971), § 193 when confronted with a choice of law issue with respect to insurance contracts. *Stonington Ins. Co. v. Williams*, 922 N.E.2d 660, 665 (Ind. Ct. App. 1990). Under this analysis, the court looks to the principal location of the insured risk. *Id.* The principal location of the insured risk is where the subject matter of the insurance will be located during the term of the policy. *Id.* Here, the principal location of the insured risk is Indiana, where Case Engineering is located. Accordingly, Indiana law applies.

### B. The Coverage Issue

Under Indiana law, "[t]he construction of an insurance policy is a matter of law for which summary judgment is particularly appropriate." *Stonington*, 922 N.E.2d at 668 (internal quotation marks and citation omitted). An insurance policy is a contract and is subject to the ordinary rules of contract construction. *Id.* Thus, if the language of the policy is clear and unambiguous, the court assigns those terms their plain and ordinary meaning. *Id.* An unambiguous policy must be enforced according to its terms, even if those terms limit an insurer's liability. *Id.*

Phoenix argues there is no UM coverage for the rental vehicle involved in the accident for two reasons: (1) the Policy contains UM endorsements for North Carolina, Mississippi, Florida, Alabama, and Georgia—not Kentucky or Indiana; and (2) UM coverage exists only for "owned autos," not rentals.

The Policy contains UM endorsements for North Carolina, Mississippi, Florida, Alabama, and Georgia. (*Id.* at 43-69). Coverage under each endorsement applies to 'autos' principally garaged in North Carolina, Mississippi, Florida, Alabama, or Georgia. (*Id.* at 18). There is no evidence the subject vehicle was principally garaged in any of those states. In the absence of such evidence, the court must find there is no UM coverage under any of the endorsements set forth in the Policy for this accident.

But that is not the end of the inquiry. As Plaintiff correctly observes, Indiana's UM provisions are mandatory and are considered a part of every automobile liability policy. *United Nat'l Ins. Co. v. DePrizio*, 705 N.E.2d 455, 460 (Ind. 1999) ("Indiana Code § 27-7-5-2 is a mandatory coverage, full-recovery, remedial statute. It is directed at insurers operating within Indiana and its provisions are to be 'considered a part of every automobile liability policy the same as if written therein.'" (quoting *Indiana Ins. Co. v. Noble*, 265 N.E.2d 419, 425 (1970)). Even where the policy fails to provide uninsured motorist coverage, an insurer must provide UM coverage to an insured unless specifically rejected in writing. *Id.* Here, there is no written rejection of UM coverage for either Indiana or Kentucky.

Because there is no specific UM endorsement for Indiana (or Kentucky), the only portion of the Policy where Plaintiff could possibly be covered is found on page 18 of the Policy:

**ITEM TWO**
**COVERAGE AND LIMITS OF INSURANCE**
**UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE**

The LIMIT OF INSURANCE for the coverages shown below is the LIMIT OF INSURANCE shown for the State where a covered "auto" is principally garaged. Refer to the specific coverage endorsement for description of the coverage provided for each State listed below.

**Coverage**
UNINSURED MOTORISTS       LIMIT OF INSURANCE

| State | "Bodily Injury" and "Property Damage" Each "Accident" | "Bodily Injury" Each "Accident" | "Bodily Injury" Each Person | "Bodily Injury" Each "Accident" | "Property Damage" Each "Accident" |
|---|---|---|---|---|---|
| AL |  | $ 1,000,000 |  |  |  |
| FL |  | $ 1,000,000 |  |  |  |
| GA | $ 1,000,000 |  |  |  |  |
| MS | $ 1,000,000 |  |  |  |  |
| NC | $ 1,000,000 |  |  |  |  |

The Policy provides coverage for the "State where a covered 'auto' is principally garaged.'" (*Id.* at 18). A covered 'auto' is an "owned auto," defined as "[o]nly those 'autos' you own." (Policy at 13, 20). Plaintiff's rental vehicle is not an "owned auto" as defined by the Policy. Moreover, contrary to Plaintiff's assertion, the fact that the vehicle was rented in Evansville does not establish that it was *principally garaged* in Indiana. Accordingly, Plaintiff is not entitled to UM coverage under the Phoenix Policy.

6

### III. Conclusion

For the foregoing reasons, the court **DENIES** Plaintiff's Motion for Summary Judgment (Filing No. 21), **GRANTS** Phoenix's Cross-Motion for Summary Judgment (Filing No. 37), and **DECLARES** that Phoenix has no obligation to provide uninsured motorist coverage to Plaintiff in connection with the injuries he sustained in the vehicular accident on October 28, 2016. Count III against Kevin Lovitt remains.

**SO ORDERED** this 4th day of October 2019.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.